IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LISSETTE DOMINGUEZ-CORTES, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>RUBIN JACKSON, )<br>URSA MAJOR CORPORATION, and )<br>JB LEASE CORPORATION )<br>)<br>Defendants. ) | CASE NO.: 3:21-cv-000212 |

## NOTICE OF REMOVAL

The Defendants, Rubin Jackson ("Defendant Jackson"), URSA Major Corporation ("Defendant URSA Major"), and JB Lease Corporation ("Defendant JB Lease"), by and through their undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446 and state the following in support of it:

1. On or about November 30, 2020, the Plaintiff, Lissette Dominguez-Cortes ("Plaintiff Dominguez-Cortes"), filed a Complaint in the LaPorte County (Indiana) Circuit Court, styled *Lissette Dominguez-Cortes v. Rubin Jackson, URSA Major Corporation, and JB Lease Corporation.*, Cause No. 46C01-2011-CT-002090, asserting personal-injury claims arising from a November 12, 2019 motor-vehicle accident on eastbound U.S. Highway 35/the Indiana State Toll Road in LaPorte County, Indiana. Pursuant to 28 U.S.C. § 1446(a), copies of the Plaintiff's Complaint and Summonses are attached as **Exhibit A** to this Notice of Removal. The moving Defendants have also attached as **Exhibit B** a copy of the current State Court docket sheet and all other filings to date in the state-court action.

2. The Plaintiff's Complaint alleges that, "[a]s a direct and proximate result of [Defendant Jackson's] negligence and/or recklessness, he . . . lost control of his tractor trailer, vacillated between lanes, and crashed into the rear end of Lissette's car with great force and violence[.]" (emphasis added). The Plaintiff's Complaint describes the vehicle she was driving as a "small Ford Fiesta car" and "small car" and Defendant Jackson as driving a "semi-tractor trailer" and further alleges that "[a]s a direct and proximate result of Jackson's negligence and the resulting impact, Lissette sustained personal and physical injuries to her spine, shoulder and head; incurred and will incur medical, hospital, surgical, pharmaceutical, and therapeutic expenses; suffered and will suffer physical pain, mental suffering and loss of enjoyment of life; and incurred other injuries and damages of a personal and pecuniary nature."

3. In pre-suit communications between the Plaintiff's counsel and a representative of the moving Defendants' insurer, Plaintiff's then-counsel's office made a policy-limits demand and represented that the Plaintiff's medical-specials bills to date exceeded $44,000.00 and that the Plaintiff's injuries included herniations at C5-6 and C6-7.

4. Defendant Jackson and Defendant URSA Major were served with the Plaintiff's Complaint on or about December 23, 2020, After the Defendants obtained an extension of their state-court responsive-pleading deadline by virtue of undersigned counsel's appearance on their behalf, on January 8, 2021 they timely filed an *Answer, Affirmative Defenses, and Jury Demand*, copy of which is included within **Exhibit B**.

5. Defendant JB Lease has not yet been validly served with the Plaintiffs' Complaint. A summons was directed to it, in its corporate name, at an address in Wisconsin that is not its principal place of business. Defendant JB Lease nevertheless intends to fil a responsive

pleading in this Court pursuant to Fed. R. Civ. P. 81(c)(2)(C) if it unable to reach an agreement with the Plaintiff to voluntarily dismiss it.

6. The Plaintiff is a citizen and/or subject of a foreign state, Mexico; she is neither a United States citizen nor a legal resident alien.

7. Defendant Jackson is domiciled in, and a citizen of, the State of Wisconsin

8. Defendant URSA Major and Defendant JB Lease are incorporated in the State of Wisconsin.  Defendant URSA Major's principal place of business is also located in the State of Wisconsin.  Defendant JB Lease's principal place of business is located in the State of Arizona. As such, Defendant URSA Major is a citizen of the State of Wisconsin and Defendant JB Lease is a citizen of the State of Airzona. "[A]ll corporations are to be treated alike for diversity purposes; all are citizens both of the state of incorporation and the state in which the corporation has its principal place of business." *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (citing *Hoagland ex rel. Midwest Transit., Inc. v. Sandberg*, 385 F.3d 737 (738-39 (7th Cir. 2004)). "The test in this circuit for principal place of business is 'nerve center,' and, to continue the neurological metaphor, we look for the corporation's brain, and ordinarily find it where the corporation has its headquarters." *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). *See also Couponcabin LLC v. Sav.com, Inc.*, Cause No. 2:14-CV-39-TLS, 2016 U.S. Dist. LEXIS 143022 at *3 (N.D. Ind. Oct. 17, 2016) ("The term 'principal place of business' refers to the corporation's 'nerve center,' that is, the place where a corporation's officers direct, control, and coordinate the corporation's activities.").

9. There is complete diversity of citizenship within the contemplation of 28 U.S.C. § 1332(a)(2) because the Plaintiff (a Mexican national who has not been lawfully admitted for

permanent residence in the United States) and Defendants (citizens of the States of Wisconsin and Arizona) are "citizens of a State and citizens or subjects of a foreign state."

10. Consistent with the requirements of Indiana Trial Court Rule 8(A)(2), which prohibits a personal-injury claimant from including any "dollar amount or figure . . . in the demand" the Plaintiff's *Complaint* did not allege any specific amount or range in damages – and instead prays only for "reasonable compensatory relief." Nor have the Defendants received from the Plaintiff's counsel any "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one [that] is or has become removable" within the contemplation of 28 U.S.C. § 1446(b)(3). As such, no triggering event for any 30-day clock under 28 U.S.C. § 1446(b) has occurred, and the Moving Defendants' removal is timely pursuant to 28 U.S.C. § 1446(c)(1).

11. Based upon the Moving Defendants' investigation to date, however, they reasonably believe it to be more likely than not that the Plaintiff will seek recovery in a sum that exceeds the jurisdictional threshold for this Court's exercise of diversity jurisdiction. *See Copak v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 15801, *1 (N.D. Ind. 2013); *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000).

12. This Court therefore possesses original jurisdiction over the underlying state court case pursuant to the provisions of 28 U.S.C. § 1332. This action may be removed pursuant to the provisions of 28 U.S.C. § 1441 and § 1446 because there is complete diversity of citizenship between the parties, and the Moving Defendants reasonably believe that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

13. The Defendants have completed all necessary requirements to remove this action to federal court in accordance with the procedures outlined in 28 U.S.C. § 1446(c), including

filing copies of all process and pleadings served upon them in this action with this Notice of Removal. Moreover, upon receipt of an ECF Notice with respect to this filing, the Defendants will provide written notice of the Notice of Removal to all attorneys of record in the state-court proceedings and to the Clerk of the LaPorte County Circuit Court.

14. If the Plaintiff challenges this Notice of Removal and the Court's subject-matter jurisdiction, the Defendants reserve the right to file the appropriate affidavits and other proof with the Court to satisfy their burden of proof with respect to diversity jurisdiction. *See Buchanan v. McLee*, 2006 U.S. Dist. LEXIS 8533 (N.D. Ind. Feb. 10, 2006) (holding that the Court can require the defendant to file appropriate evidence or "competent proof" to support diversity jurisdiction upon its own volition or upon being challenged by the plaintiff).

**WHEREFORE**, for all the foregoing reasons, the Defendants respectfully request that this Honorable Court accept removal pursuant to 28 U.S.C. § 1441 and U.S.C § 1446.

Respectfully submitted,

*/s/ Trevor W. Wells*
Trevor W. Wells (#31156-64)
**REMINGER CO., L.P.A.**
One Professional Center, Suite 202
2100 North Main Street
Crown Point, IN 46307
(219) 663-3011
(219) 663-1049 (fax)
twells@reminger.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I certify that on March 24, 2021, a true and complete copy of the above and foregoing was served in accordance with Fed.R.Civ.P. 5, pursuant to the district court's ECF system as the ECF filers, and was served by regular mail to non-ECF filers and parties who do not appear to be registered with the Court's ECF system.

    Brock P. Alvarado
    WALTER J. ALVAREZ, P.C.
    1524 W. 96th Avenue
    Crown Point, IN 46308
    brock@gowithalvarez.com
    *Counsel for Plaintiff*

    */s/ Trevor W. Wells*
    Trevor W. Wells (#31156-64)
    **REMINGER CO., L.P.A.**