| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE LAPORTE CIRCUIT COURT |
| ) SS: | | |
| COUNTY OF LAPORTE ) | | SITTING AT LAPORTE, INDIANA |

LISSETTE DOMINGUEZ-CORTES, )
)
    Plaintiff, )
)
    v. ) CAUSE NO.: 46C01-2011-CT-002090
)
RUBIN JACKSON, )
URSA MAJOR CORPORATION, )
and JB LEASE CORPORATION, )
)
    Defendants. )

## COMPLAINT

NOW COMES the Plaintiff, LISSETTE DOMINGUEZ-CORTES, by counsel, and complaining of the Defendants, RUBIN JACKSON, URSA MAJOR CORPORATION, and JB LEASE CORPORATION, states as follows:

1. That all of the events below occurred within the territorial confines of LaPorte County, Indiana.

2. That at the time of the incident described herein, Defendants, URSA MAJOR CORPORATION and JB LEASE CORPORATION, were for-profit corporations/entities conducting commercial trucking business upon the roadways of Indiana, including LaPorte County, Indiana.

3. That on or about November 12, 2019, at approximately 4:00 a.m., Plaintiff, LISSETTE DOMINGUEZ-CORTES (hereinafter "Lissette") was a duly restrained driver operating a small Ford Fiesta car, at a reduced speed due to pre-existing inclement weather,

eastbound on U.S. Highway 35/Indiana State Toll Road at or near mile marker 47.5 in LaPorte County, Indiana.

4. That on or about November 12, 2019, at the same time and location, defendant, RUBIN JACKSON (hereinafter "Jackson") was operating a semi-tractor trailer directly behind the small car Lissette was driving.

5. That on and before November 12, 2019, defendant Jackson owed Lissette, and other drivers upon the public roadway, a duty to use reasonable care in the operation, inspection, maintenance, and repair of the semi tractor-trailer he was driving, so as to avoid causing injury, harm, damages, and loss.

6. However, on November 12, 2019, Jackson breached the foregoing duty and was negligent and/or reckless in one or more of the following ways, *inter alia*:

   a    Jackson followed Lissette's car too closely;
   b    Jackson failed to give himself enough time and room to make his lane change and/or bring his truck to a stop especially given the known conditions existing on the roadway;
   c    Jackson failed to keep and maintain reasonable and proper lookout for vehicles traveling directly in front of him and/or allowed himself to become distracted and inattentive:
   d    Jackson failed to reasonably and properly control his commercial vehicle;
   e    Jackson operated his commercial vehicle at an unsafe and unreasonable speed too fast for conditions given the then-existing weather conditions;
   f    Jackson failed to take reasonable steps, actions or maneuvers to avoid a collision;
   g    Jackson failed to act as a reasonably prudent professionally-licensed and trained truck driver would have acted under the same or similar conditions;
   h    Jackson failed to comply with Parts 390, 391, 392, 395, and 396 of the Federal Motor Carrier Safety Regulations, as he was a professional truck driver possessing a commercial driver's license;
   i    Jackson failed to reduce his traveling speed to avoid a collision;
   j    Jackson failed to inspect the vehicle he was driving, before operating it, when a reasonable inspection would have revealed needed repairs or unreasonably dangerous defects;

      k      Jackson failed to maintain the vehicle he was driving, before operating it, when reasonable maintenance would have prevented needed repairs and/or unreasonably dangerous defects; and/or

      l      Jackson failed to repair the vehicle he was driving when he knew or, in the exercise of reasonable care, should have known that the vehicle he was driving was in need of repair and/or was unreasonably dangerous to operate.

7. As a direct and proximate result of Jackson's negligence and/or recklessness, he attempted to change lanes and pass Lissette's car, lost control of his tractor trailer, vacillated between lanes, and crashed into the rear end of Lissette's car with great force and violence while Lissette traveled straight ahead.

8. As a direct and proximate result of Jackson's negligence and the resulting impact, Lissette sustained personal and physical injuries to her spine, shoulder and head; incurred and will incur medical, hospital, surgical, pharmaceutical, and therapeutic expenses; suffered and will suffer physical pain, mental suffering and loss of enjoyment of life; and incurred other injuries and damages of a personal and pecuniary nature.

9. Defendants, URSA MAJOR CORPORATION and JB LEASE CORPORATION, are authorized to operate as motor carriers under the Federal Motor Carrier Safety Act.

10. That on November 12, 2019, defendant, Rubin Jackson, was an employee and/or agent of defendants, URSA MAJOR CORPORATION and/or JB LEASE CORPORATION, and acting within the scope and course of said employment and/or agency.

11. That on November 12, 2019, Rubin Jackson, was an employee of defendants, URSA MAJOR CORPORATION and/or JB LEASE CORPORATION, as defined by the Federal Motor Carrier Safety Act., 49 C.F.R. 390.5.

12. That defendants, URSA MAJOR CORPORATION and/or JB LEASE CORPORATION is/are vicariously liable under the doctrine of *Respondent Superior* for the negligent acts and/or omissions of defendant, Rubin Jackson.

WHEREFORE, Plaintiff, LISSETTE DOMINGUEZ-CORTES, prays for reasonable compensatory relief from Defendants, RUBIN JACKSON, URSA MAJOR CORPORATION, and JB LEASE CORPORATION for all injuries, expenses, losses, and damages pertaining or relating to the crash described herein, the costs of this action, and for all other just and proper relief in the premises.

> Respectfully submitted,
> **WALTER J. ALVAREZ, P.C.**
>
> */s/Brock P. Alvarado*
> Brock P. Alvarado (16348-45)
> *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by jury as to all issues raised in her Complaint.

> Respectfully submitted,
> **WALTER J. ALVAREZ, P.C.**
>
> */s/Brock P. Alvarado*
> Brock P. Alvarado (16348-45)
> *Attorneys for Plaintiff*
> 1524 W. 96th Avenue
> Crown Point IN 46307
> Email: brock@gowithalvarez.com