UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CARLOS GASCA-LARA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RUBIN JACKSON *et al.*,<br><br>　　　　Defendants. | CAUSE NO. 3:21cv212<br>(Consolidated with Cause No. 3:21cv871) |

OPINION AND ORDER

This consolidated case stems from an accident between a car and a semi-truck. Plaintiff Carlos Gasca-Lara (a passenger in the car) sued Rubin Jackson (the semi-truck driver), URSA Major Corporation (Mr. Jackson's employer), and J.B. Lease Corporation (who owned the semi-truck and leased it to URSA Major). The claims against J.B. Lease assert *respondeat superior*, negligence, and negligent hiring theories. J.B. Lease requests summary judgment on all claims. Mr. Gasca-Lara filed a notice saying he has no objection to this relief. The court now grants summary judgment.

BACKGROUND

J.B. Lease owns and leases equipment, including the semi-truck that Mr. Jackson was driving for URSA Major at the time of the accident here [ECF 22-1 ¶ 3; ECF 22-4 at 5]. J.B. Lease does not operate any commercial motor vehicles [ECF 22-1 ¶ 4; ECF 22-4 at 5]. J.B. Lease leased the semi-truck to URSA Major [ECF 22-1 ¶ 5; ECF 22-4 at 6]. Mr. Jackson was neither an employee nor an agent of J.B. Lease [ECF 22-1 ¶ 2; ECF 22-2 at 16, 17].

STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to

find in his favor. *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972 (7th Cir. 2020). The court must construe all facts in the light most favorable to the non-moving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491-92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003); *see also Joll. v. Valparaiso Comty. Schs.*, 953 F.3d 923, 924 (7th Cir. 2020).

In performing its review, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* The court must grant a summary judgment motion when no such genuine factual issue—a triable issue—exists under the law. *Luster v. Ill. Dept. of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011). Under N.D. Ind. Local Rule 7-1(d)(5), the court may rule summarily if a party fails to timely respond to a motion. "Strict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.* The court still must determine whether the movant is entitled to judgment under the applicable law. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

DISCUSSION

J.B. Lease says it is immune from liability in this case under the Graves Amendment. The Graves Amendment provides:

> (a) An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).

J.B. Lease is in the business of leasing vehicles and leased the vehicle involved in the accident here. Mr. Jackson was not employed by J.B. Lease. Mr. Gasca-Lara has not provided any evidence or argument rebutting this, so no reasonable jury could use the *respondeat superior* doctrine to hold J.B. Lease responsible. *See Jasman v. DTG Operations, Inc.*, 533 F. Supp.2d 753, 758 (W.D. Mich. 2008) (granting summary judgment when non-movant failed to provide evidence or argument rebutting movant's evidence that the driver was not its employee at the time of the accident).

Mr. Gasca-Lara's negligence claims against J.B. Lease are also barred because Mr. Gasca-Lara has not pointed to any evidence to support a reasonable jury's finding of negligence. *See* 49 U.S.C. § 30106(a)(2); *see, e.g.*, *Holder v. Suarez*, 2016 U.S. Dist. LEXIS 17388, 54 (M.D. Pa. Feb. 12, 2016) (finding the Graves Amendment applicable when the nonmovant failed to present evidence of negligence). As such, no genuine issue of material fact exists regarding J.B. Lease's alleged negligence, and the court grants summary judgment.

## CONCLUSION

Accordingly, the court GRANTS J.B. Lease's summary judgment motion [3:21cv871, ECF 22]. This order terminates all claims against J.B. Lease.

SO ORDERED.

April 12, 2023                                                  *s/ Damon R. Leichty*
                                                                Judge, United States District Court